IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                              Civ. No. 18-542

$2,300 IN UNITED STATES CURRENCY,

    *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    i. Two thousand three hundred dollars ($2,300.00) in United States Currency,
    (hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Drug Enforcement Administration on February 1, 2018, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On February 1, 2018, Agent Perry and TFO S. Chavez were at the Amtrak Train Station in Albuquerque, New Mexico to check the eastbound Amtrak train number four that makes a regularly scheduled stop in Albuquerque, New Mexico. Agent Perry boarded the coach section of the Amtrak train and began conducting consensual encounters with the passengers that were aboard the train.

8. Agent Perry approached a male, later identified as Rodolfo Rodriguez Jr., who was seated in the first seat in front of the coach car on the left-hand side of the car. Agent Perry stood across the aisle way in order to not block Rodriguez from his seat or movement on the train. Agent Perry displayed his DEA badge to Rodriguez and identified himself as a police officer. Agent Perry asked for permission to speak with Rodriguez. Rodriguez unfolded his train ticket folder and handed it to Agent Perry while stating, "This is my ticket."

9. Agent Perry reviewed Rodriguez's ticket and immediately returned it to Rodriguez while thanking him. Agent Perry asked Rodriguez if he had identification. Rodriguez began to search through his belongings. Rodriguez handed Agent Perry a California identification card in the name of Rodolfo Rodriguez Jr. with a Janesville, California address.

Agent Perry reviewed the identification and immediately returned it to Rodriguez. Agent Perry asked Rodriguez if he had luggage with him on the train and Rodriguez moved his head in a side to side motion. Agent Perry observed him moving his head in a side to side motion and asked Rodriguez if that meant no. Rodriguez said, "No Sir." Agent Perry observed a gray colored backpack that was unzipped lying in the empty aisle seat directly beside him. Agent Perry asked Rodriguez Z if the backpack belonged to him and Rodriguez said, "No."

10. Agent Perry asked Rodriguez if he had any other luggage with him and Rodriguez moved his head in a side to side motion. Agent Perry asked Rodriguez if he would consent for a search of his backpack for contraband. Rodriguez quickly picked up the backpack and turned it upside down emptying out all of the contents onto the empty aisle seat directly beside him. Agent Perry observed a plastic shopping style bag lying on the empty aisle seat. Agent Perry asked Rodriguez for permission to search the plastic shopping bag and Rodriguez said, "Go for it." Agent Perry observed several small plastic vials, one of the plastic vials contained a green leafy substance and a different vial containing an edible gummy bear. Agent Perry knew from his experience that the vials contained marijuana and edible marijuana. Rodriguez picked up the vials and attempted to hide them behind him in his seat while stating that they were all medication. Agent Perry instructed Rodriguez to stop and Rodriguez opened up the plastic vial, removed an edible marijuana gummy bear and ate it.

11. Agent Perry instructed Rodriguez to stand up for a pat down. Rodriguez initially refused and then eventually stood up. Agent Perry instructed Rodriguez to place his hands on the overhead luggage compartment and Rodriguez refused. Agent Perry instructed Rodriguez to place his hands on the overhead luggage compartment several times and Rodriguez eventually placed his hands on the overhead luggage compartment. Agent Perry felt a large, round shaped

bundle in between the legs of Rodriguez and underneath Rodriguez's pants. Agent Perry immediately knew from experience that the bundle was.

    12.    Agent Perry attempted to handcuff Rodriguez. Rodriguez initially resisted. Agent Perry eventually handcuffed Rodriguez. TFO S. Chavez walked Rodriguez off of the train. Agent Perry removed Rodriguez 's personal belongings from the train.

    13.    In a private area off of the Amtrak train, Agent Perry opened up Rodriguez's zipper on his blue pants to view the bundle concealed to his person. A rolled up bundle of money was attached to Rodriguez's underwear with a rubber-band. Agent Perry observed plastic tape attached to Rodriguez's skin holding a round shaped bundle in between Rodriguez's legs. Agent Perry zipped up Rodriguez's pants to their original position.

    14.    Agent Perry continued speaking with other passengers on the Amtrak train and TFO S. Chavez placed Rodriguez in his official government vehicle. TFO S. Chavez observed Rodriguez moving around in the passenger seat of his official government vehicle and observed that Rodriguez had removed the rolled up bundle of money and was attempting to hide it in TFO Chavez's vehicle. TFO S. Chavez took custody of the money.

    15.    Rodriguez was transported to the DEA Albuquerque office by TFO S. Chavez and followed by Agent Perry. At the DEA Albuquerque office Agent Perry and TFO S. Chavez processed a large, round shaped bundle wrapped in clear plastic and black tape from Rodriguez. The bundle weighed approximately 1.1 kilograms and field-tested positive for heroin.

    16.    Agent Perry prepared a federal criminal complaint charging Rodriguez with possession of over one kilogram or more of heroin with intent to distribute, which was telephonically approved by AUS A Kimberly Brawley. Rodriguez was transported to the Sandoval County Detention Center for processing and temporary housing. Rodriguez appeared

his various court appearances at the Federal Courthouse in Albuquerque, New Mexico and was remanded into the custody of the US Marshals Service pending further court proceedings.

17. On February 6, 2018, the official count by Loomis totalled $2,300.00 United States currency.

18. On May 9, 2018, a Federal Grand Jury indicted Rodolfo Rodriguez, Jr. on charges of possession with intent to distribute 1 kilogram and more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

### FIRST CLAIM FOR RELIEF

19. The United States incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth.

20. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

21. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown

Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

                                      Respectfully submitted,

                                      JOHN C. ANDERSON
                                      United States Attorney

                                      STEPHEN R. KOTZ
                                      Assistant U.S. Attorney
                                      P.O. Box 607
                                      Albuquerque, NM 87103
                                      (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 06-09-2018

_____
Jarrell W. Perry, Special Agent
Drug Enforcement Administration

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$2,300 IN UNITED STATES CURRENCY

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury – Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 6/13/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___